FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ FEB 07 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

LEROY JONES,

        Petitioner,

-against-

VICTOR HERBERT,

        Respondent.
----------------------------------------------------x

MEMORANDUM,
ORDER AND
JUDGMENT
02-CV-5746 (JBW)

JACK B. WEINSTEIN, Senior District Judge:

## I. Prior Proceedings

A.    Federal

This habeas corpus petition, filed on October 30, 2002 was before another judge of this court. Petitioner appeared *pro se*. On April 29, 2003 the case was assigned to the undersigned as part of a review of 500 habeas corpus cases. At the request of petitioner the case was marked administratively closed so that petitioner could exhaust state remedies. At petitioner's request the case was reopened by order filed April 18, 2005. An amended petition was filed on May 3, 2005. The state record was received on June 27, 2005.

An attorney was appointed for petitioner on order of this court entered July 5, 2005. Counsel was relieved and new counsel appointed pursuant to an order entered September 9, 2005. After adjournments sought by counsel, an evidentiary hearing was held on January 23, 2006. Petitioner's claims pressed by his counsel are that:

    (a) defense trial counsel was ineffective;

    (b) the trial court improperly instructed the jury on the lesser
    included offense of Burglary in the Second Degree;



(c) the trial court failed to conduct an adequate inquiry before permitting petitioner to waive his right to trial counsel;

(d) defense appellate counsel was ineffective; and

(e) the court and prosecution knew that he was innocent.

Petitioner's Brief of December 5, 2005 at p. 4.

The totality of the claims raised by petitioner are eight in number as follows:

(a) ineffective assistance of trial counsel;

(b) "the prosecutor and the court committed persistent egregious and overzealous behavior, knowing that petitioner was on psychiatric medication";

(c) the court erroneously failed to instruct the jury as to the lesser-included offense of Burglary in the Second Degree;

(d) the court failed to conduct an adequate inquiry into whether the petitioner knowingly waived his right to counsel;

(e) the petitioner's sentence was harsh and illegal;

(f) defense counsel failed to file a leave application to the Court of Appeals from the Appellate Division's affirmance of the judgment of conviction;

(g) ineffective assistance of appellate counsel; and

(h) the court and prosecutor knew that the petitioner was innocent because there was another man named Leroy Jones who actually committed the crimes.

Respondent's Brief of June 24, 2005 at 13.

B.  State

By a judgment of conviction dated May 31, 2000, petitioner was convicted after a jury trial of three counts of Burglary in the Second Degree [New York Penal Law § 140.25(2)], and

-2-

one count of Attempted Burglary in the Second Degree [New York Penal Law § 140.15]. After, after being adjudicated a persistent violent felony offender, he was sentenced principally to concurrent terms of imprisonment of fifteen years to life on each burglary count, and two to four years imprisonment on the attempted burglary count. On March 8, 2001, petitioner was resentenced to concurrent terms of imprisonment totaling sixteen years to life.

On direct appeal to the Supreme Court of the State of New York, Appellate Division, petitioner alleged (a) that the trial court erred in ruling that he was fit to proceed to trial pursuant to New York Criminal Procedure Law Article 730, (b) that his sentence was illegal and excessive, (c) that the trial court erroneously admitted improper hearsay testimony, (d) that the prosecution improperly delayed the disclosure of certain discovery pursuant to *People v. Rosario*, 9 N.Y.2d (1961), and (e) the prosecutor's summation contained improper comments depriving him of a fair trial. On June 3, 2002, the Appellate Division, Second Department, affirmed petitioner's conviction. *People v. Jones*, 295 A.D.2d 369 (2d Dept. 2002).

In a motion dated July 24, 2003, petitioner, pursuant to C.P.L. §§ 440.10 and 440.20, moved to vacate the judgment of conviction and to set aside his sentence claiming that the trial court's burglary instruction was erroneous, that he was denied the effective assistance of trial counsel and that he was improperly sentenced as a persistent violent felony offender. By an order dated September 16, 2003, the Supreme Court denied petitioner's motions in their entirety. On January 5, 2004, the Appellate Division denied petitioner's application to appeal the denial of his C.P.L. §§ 440.10 and 440.20 motion.

By papers dated April 2, 2004, petitioner filed a writ of error coram nobis in the Appellate Division contending, among other things, that his appellate counsel was ineffective in

failing to argue on direct appeal (a) that his trial counsel was ineffective, and (b) that the trial court's inquiry regarding petitioner's waiver of his right to trial counsel was inadequate. He argued that his appellate counsel was also ineffective in failing to seek leave of the New York Court of Appeals. On August 23, 2004, the Appellate Division denied the petition. *People v. Jones*, 10 A.D.3d 456 (2d Dept. 2004). Petitioner's subsequent application seeking leave to appeal the denial of his writ of error coram nobis was denied. *People v. Jones*, 3 N.Y.3d 740 (2004).

By motion papers dated August 31, 2004, petitioner moved pursuant to C.P.L. § 440.20 to set aside his sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On December 20, 2004, the trial court denied petitioner's C.P.L. § 440.20 motion. On March 16, 2005, the Appellate Division denied petitioner's request to appeal the denial.

## II. Hearing

On direction of this court a full evidentiary hearing was conducted on January 23, 2006. The parties were directed to have the state trial attorney present. All claims of petitioner were explored with evidence produced on any issue raised by petitioner received.

The chief witness was Laurence Wright, petitioner's trial counsel, and, after he was relieved at petitioner's request, petitioners adviser. Mr. Wright was at the time, and is, a distinguished and experienced criminal defense attorney. He was entirely credible. His testimony is found to be accurate and truthful. By contrast, the petitioner was not credible and truthful on a number of critical issues. Where petitioner's and Mr. Wright's testimony are in conflict, Mr. Wright's is found to be accurate, and petitioner's has no probative force.

Mr. Wright's representation of petitioner was highly competent. He met with petitioner numerous times before and during trial. He discussed at length with petitioner the latter's decision to conduct the trial pro se and strongly advised against it. Petitioner, an intelligent, articulate and well informed layman, insisted on representing himself. The rather cryptic advice by the trial court to petitioner that it would be a mistake to proceed *pro se* was sufficient in view of the extended discussion petitioner had had with Mr. Wright. Transcript Jan. 23, 2005 at 76, 91. The trial judge had already observed petitioner at the Wade hearing so that the trial judge had observed how he conducted himself.

Mr. Wright's opinion was that petitioner would have continued to insist on handling the case pro se no matter how detailed the advice given by the court. Id. at 78, 79. This court concurs and so finds. The issue of lack of sufficient advice on whether petitioner should conduct the case *pro se*, as a basis for granting the writ, has no merit.

Appellate counsel is dead so that his appearance at the hearing was inconvenient. In view of this lack of merit on this pro se trial advice issue, appellate counsel's failure to raise this issue on direct appeal cannot support a claim of inadequate appellate counsel. The brief of petitioner on appeal to the Appellate Division raised all the points a well trained appellate counsel would have stressed. The brief was well written. Petitioner's request to supplement his counsel's brief on the pro se point was denied by the court, but his argument could have had no effect since it was without merit. Failure to appeal to the Court of Appeals was not prejudicial since there was no chance leave to appeal would have been granted.

In view of the above findings on adequacy of trial and appellate counsel on the merits, the question of exhaustion, is irrelevant and will, in this court's discretion, not be decided.

Dismissal without exhaustion is permitted. 28 U.S.C. § 2254(b)(2).

The record reveals that, contrary to petitioner's view, if he is considered the trial attorney for habeas review, his representation was adequate. Mr. Wright testified truthfully that he advised petitioner in detail on the theory of the case, *voir dire,* questions for cross examination, openings, and summation. Id. at 46, 49, 86, 89-90, 94. Petitioner followed these instructions, cleverly using language to be expected of a layman to ingratiate himself with the jury.

The defense theory was that the police had planted petitioner's fingerprints. It was based on a then recent well known use of the technique by the state police in a case. It took advantage of an antipathy to the police of some of the City's residents.

Voir dire and cross-examination was good. Petitioner's summation was excellent, given the heavy evidence against him. His *pro se* representation in addition gave him the advantage of the "Roy Cohn ploy," allowing him to claim innocence while avoiding cross-examination.

The evidence was so strong that there is no substantial probability that an attorney could have done a better job than petitioner in defending the case. Id. at 10-11, 91-92.

Inadequacy of warning of the dangers of *pro se* representation and lack of competence, combined, is the main point in the case. Id. at 9. Neither this or any other point now raised has any merit.

The claim that denial of the psychotropic drugs petitioner had been taking adversely affected him at the trial has no basis. Id. at 15. In the first place, neither his trial counsel, the judge, or the record suggested any inadequacy of petitioner. In the second, petitioner never brought the matter to anyone's attention in an effective manner during the trial. In the third

place, the medical record indicates he was being medically weaned off the drug so that he had in fact not been deprived of any medication he should have been taking. The transcript indicates petitioner was alert and effective. Id. at 98-100.

The court does not believe petitioner's testimony that he asked the judge for his medication, but the judge said he couldn't do anything about it. Id. at 38. The court does not believe his testimony that he complained to his attorney. Id. at 38-39.

Petitioner's waiver of counsel was not adversely affected by any medical problem. It was knowing and effective.

### III Analysis of Claims

A.  Ineffectiveness of Trial Counsel

Since petitioner represented himself at his own well advised request, the claim that "trial counsel" was ineffective has little weight. There is nothing in the record to suggest that counsel who "advised" petitioner at the trial did less than was reasonable in that role. Nothing that counsel might have done could have affected the result except if he had informed the court - - as he properly did not - - that petitioner was incapable of acting *pro se*. See Part II., *supra*; Part III. F., infra.

B.  Improper Instructions

The instructions were proper on the lesser included offense of burglary in the second degree.

There was no reasonable view of the evidence that the petitioner committed Burglary in the Third Degree, but did not commit Burglary in the Second Degree. A person commits

Burglary in the Third Degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein (N.Y. Penal Law § 140.20). A person commits Burglary in the Second Degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and the building is a dwelling (N.Y. Penal Law § 140.25[2]).

The testimony in this case showed that the petitioner broke into people's homes. There was no dispute that the buildings the petitioner was accused of unlawfully entering were dwellings. Thus, there was not reasonable view of the evidence that the petitioner committed third-degree burglary and did not commit second-degree burglary. The court properly did not submit third-degree burglary for the jury's consideration.

C.   Inadequate Appellate Counsel

The brief on direct appeal was reasonable. No basis for granting the writ on ineffective appellate assistance exists. The petitioner's counsel filed a brief on the petitioner's behalf, which raised the following claims:

> (a) the trial court erred in ruling that the petitioner was fit to proceed to trial within the meaning of New York Criminal Procedure Law Article 730;
>
> (b) the petitioner's sentence was illegal and harsh;
>
> (c) improper hearsay testimony was admitted;
>
> (d) the prosecutor improperly delayed in providing material pursuant to *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448 (1961); and
>
> (e) the prosecutor made improper remarks on summation.

While improper inquiry by the trial court on the pro se issue was not raised, it was impliedly put forward in the claim that petitioner was not fit to proceed to trial. In any event, it

had no merit. *See* Part II, *supra.*

Leave to appeal the affirmance on direct appeal to the New York Court of Appeals was not sought. While this failure was improper, it is highly improbable that it could have affected the result.

D.  Knowledge of Prosecutor and Judge of Defendant's Innocence

There is no basis for the claim that the prosecution knew petitioner was innocent. The evidence strongly suggested guilt. It included the following:

On June 1, 1998, between 7:00 a.m. and 5:30 p.m., the petitioner broke the lock on the door of Kimberly Pierce's home at 412 Christopher Avenue, in Brooklyn. The petitioner entered Pierce's home and stole a video cassette recorder, a Nintendo 64 electronic game, compact discs, jewelry, watches, and a bicycle.

Between June 5, 1998 at 2:00 p.m. and June 6, 1998 at 11:00 a.m., the petitioner broke the lock and door of Mary Harvey's home at 2193 Linden Boulevard. He entered the home. Nothing was taken.

On June 6, 1998, at about 12:30 a.m., the petitioner broke the door on the home of Christopher Dupree, at 424 Vermont Street, in Brooklyn. He stole Dupree's television set, stereo, and speakers.

On June 11, 1998, between 7:45 a.m. and 6:00 p.m., the petitioner broke the door and lock of 614 Boyland Street, Brooklyn, the home of Barbara Yarde. He stole jewelry, cash, and credit cards.

Between July 3, and July 8, 1998, the petitioner broke the lock on the home of Dennis Jones. He stole Jones' camcorder, video cassette recorder, jewelry, and E bonds.

On July 19, 1998, at about 9:00 a.m., Doris Smith saw the petitioner try to enter 420 Hinsdale Street, the home of Smith's sister, Joan Cumberbatch. The petitioner fled, but Smith followed him in her car. She alerted the police who arrested the petitioner on the street not far from Cumberbatch's home. Smith identified the petitioner. Others identified his clothing and petitioner himself. The petitioner's fingerprints were recovered from the homes of Kimberly Pierce, Christopher Dupree, Barbara Yarde, Mary Harvey, and Dennis Jones. Petitioner's wallet contained other people's credit and ID cards and jewelry belonging to another person.

The petitioner was found not guilty of the burglary and criminal trespass counts which related to the home of Mary Harvey. The jury was deadlocked on the counts of burglary and criminal trespass which related to the home of Barbara Yarde, and the court declared a mistrial as to those counts.

E.     Sentence as Persistent Felony Offender

In his original petition, petitioner claimed he was improperly sentenced as a persistent felony offender. There is no basis for this claim. In his counsel's brief in this court this was not listed as a basis for issuance of the writ. See Part I.A., supra. The sentence, given the petitioner's record, was not excessive under applicable State law.

F.     Failure to Conduct Adequate Hearing on Waiver of Counsel

The final issue is whether the trial court failed to conduct an adequate inquiry before permitting petitioner to waive his right to counsel.

In an order dated May 3, 1999, a justice of the Supreme Court ordered that the petitioner be examined by psychiatrists pursuant to New York Criminal Procedure Law Article 730 to determine whether he had the mental capacity to understand the criminal proceedings and to

assist in his own defense. The court ordered the examination because, according to defense counsel, the petitioner had been uncooperative and had appeared not to have understood the charges or court process.

Five psychiatric experts examined the petitioner. Two of those experts concluded that the petitioner was fit to proceed to trial within the meaning of New York Criminal Procedure Law Article 730. The remaining three experts determined that the petitioner was not fit to proceed to trial within the meaning of the statute. Consequently, the court ordered that a hearing be conducted pursuant to New York Criminal Procedure Law § 730.30(3) in order for the court to rule on the petitioner's competence.

On September 30, 1999, the competency hearing was conducted. Psychiatric experts and the petitioner testified. The court ruled that the petitioner was fit to proceed to trial.

The petitioner submitted a *pro se* motion to set aside the verdict pursuant to New York Criminal Procedure Law § 330.30, dated May 18, 2000, in which he claimed that the verdict should be set aside based on newly discovered evidence. The petitioner argued that he had been unable to understand the dangers and disadvantages of proceeding *pro se* because during the trial, he had not been able to take certain medication for depression, and the lack of the medicine caused him to suffer loss of memory, disorientation, and panic attacks. The motion apparently was denied.

The related claim that the prosecutor and court were "egregious and overzealous" since they knew he was on "psychiatric medication" is not supported by the record. The prosecutor and court acted within reasonable and appropriate bounds.

Respondent's argument that the *pro se* inquiry issue must be dismissed has considerable

merit. It is as follows:

> Two of the petitioner's claims - - regarding the jury charge and his waiver of the right to counsel - - are procedurally barred because the petitioner has not exhausted his remedies in state court and he does not have an available state remedy for the claims. Because there is now no appropriate state forum in which the petitioner can bring these claims, further presentation of the claims to the state courts would be futile. *See Grey v. Hoke*, 933 F.2d, 117, 120 (2d Cir. 1991). Accordingly, these claims must be deemed exhausted, but denied on the ground that they are procedurally barred from federal *habeas* review. *See Bosset v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995); *Grey v. Hoke*, 933 F.2d at 120-21.

Respondent's Brief dated June 24, 2005 at pp. 1-2.

The claim of inadequate inquiry arguably has not been exhausted. Yet petitioner's appellate brief was devoted mainly to Print 1, "The Court Committed Reversible Error in Failing to Find Appellant Unfit to Proceed, or Otherwise Assist in His Own Defense." Brief Appellate Division pp. 21 ff. (Emphasis added). If he was unfit to participate with a lawyer defending the clear implication was that he could not proceed *pro se* and that further inquiry by the trial court would have determined this fact. A judge other than the trial judge had conducted the capacity hearing. The issue can be deemed to have been exhausted.

The petitioner raised the claim in state court only as an underlying claim in his petition

for a writ of error coram nobis. In that petition the petitioner claimed that appellate counsel should have raised a claim that the trial court's inquiry regarding the petitioner's waiver of his right to counsel was inadequate. Arguably, however, because the claim was merely an underlying claim in the petitioner's ineffective assistance of counsel claim, petitioner has failed to exhaust his state remedies. *See Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001). Since the claim is, in any event, without merit, as already noted, it will be addressed.

The Sixth amendment of the United States Constitution grants a criminal defendant the right to self-representation in proceedings against him. *Faretta v. California*, 422 U.S. 806, 819 (1975). If a defendant chooses to forego the services of defense counsel and act on his own behalf, the state cannot compel him to accept a lawyer he does not want. *Faretta*, 422 U.S. at 833. The right to proceed *pro se* may be exercised by "all criminal defendants who knowingly, voluntarily, and unequivocally waive their right to appointed counsel." *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir. 1986) (citing *Faretta*, 422 U.S. at 835-36). A *pro se* defendant need not possess the skill and experience of a lawyer, although he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that his choice was made with "his eyes open." *Adams v. United State ex. Rel. McCann*, 317 U.S. 269, 279, 87 L. Ed. 268, 63 S. Ct. 236; see also *United States v. Dougherty*, 154 U.S. App. D.C. 76, 473 F.2d 1113, 1128 (DC Cir. 1972). (Defendant has moral right to stand alone in his hour of trial).

The request to proceed *pro se* must be timely asserted. The Second Circuit has held that the right to proceed *pro se* is unqualified only when exercised before the commencement of trial. See *Matsushita v. United States*, 794 F.2d 46, 51-52 (2d Cir. 1986); *United States v. Brown*, 744 F.2d 905, 908 (2d Cir. 1984); *Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976). Once

trial has begun, the defendant's right to represent himself is sharply curtailed. *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir. 1965). The right then becomes qualified, and "there must be a showing that the prejudice to the legitimate interest of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance." *Maldonado*, 348 F.2d at 15. Thus, the timeliness of a request for *pro se* representation is an essential factor in the granting of such a request. Here it was timely.

The New York courts have incorporated these requirements into a three-prong test, restricting a defendant's right to proceed *pro se* to circumstances where: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues. *People v. McIntyre*, 36 N.Y.2d 10, 17 (1974).

The New York courts have defined an unequivocal request as one that is "clearly and unconditionally presented to the trial judge." *McIntyre*, 36 N.Y.2d at 17. The question of clarity is best resolved by "scrutiny of petitioner's actual statement to the trial judge." *Weisner v. Abrams*, 726 F. Supp. 912, 918 (E.D.N.Y. 1989), *aff'd mem.*, 909 F.2d 1473 (2nd Cir. 1990). Petitioner made his request during the following exchange with the trial judge:

Q [by the trial court]: Mr. Jones you want to be your own lawyer?

A [by petitioner]: Yes, sir, your Honor.

Q: You have the right to do that and most people think that's a mistake, but you have a right to do that.

>     . . . .
>
>     I'm going to ask Mr. Wright to stay in the courtroom and be available if you have any questions.
>
> A: Yes, sir.
>
> Q: Right now we are going to have the hearing.

As indicated in Part II, *supra,* this inquiry sufficed in view of the extended discussion trial counsel had had with petitioner, attempting to dissuade him from proceeding *pro se*. Petitioner was fit to make the decision. *Id.*

Implicit in a criminal defendant's assertion of his right to self-representation is his relinquishment of his right to counsel. *Faretta*, 422 U.S. at 835. Such a waiver must be knowingly, intelligently and voluntarily made, with open eyes. Id. This requirement is satisfied if the defendant is literate, competent, and understands "the dangers and disadvantages of self-representation." *Id.* The New York courts have held that "in determining the defendant's competency to waive counsel the court may properly inquire into the defendant's age, education, occupation and previous exposure to legal procedures." *McIntyre*, 36 N.Y.2d at 17.

The Court of Appeals for the Second Circuit has not adopted these criteria, holding instead that it is error to deny a request to proceed *pro se* based on the defendant's lack of education, background, training or experience. *Johnstone*, 808 F.2d at 216 ("Faretta imposes no such qualifications on the right to defend *pro se*"). The Court of Appeals for the Second Circuit requires only that the defendant was "competent to stand trial and that he clearly sought to represent himself after being duly warned of the risks of doing so." *Id.* Here, the trial court concluded that petitioner was competent to stand trial and its inquiry was sufficient under the

circumstances.

Competency to stand trial with counsel conducting the case is different from competency to try the case *pro se*, even with advice of counsel. Here the record indicates that petitioner was competent to act *pro se*. *See* Part II, *supra*.

It is well settled that "the Sixth Amendment affords no lesser rights to the foolish than to the wise." *Johnstone*, 633 F. Supp. At 1249. The trial record supports the view that petitioner's request to defend *pro se* was knowing, intelligent and voluntary, and even not unwise. *See* Part II, *supra*.

That the evidence was overwhelming was clear. Thus the question is presented of whether an attorney might have created a reasonable doubt; that seems highly doubtful.

## IV. Conclusion

The petition for a writ of habeas corpus is denied. There was adequate inquiry on the issue of whether petitioner should be permitted to appear *pro se*. No other issue has merit.

A certificate of appealability is granted on the issue of whether petitioner should have been permitted to act *pro se*. since a possible constitutional question is raised.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 30, 2006
	Brooklyn, New York